Rev (4/2019)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE:

    Venice Toatley Williams            Case No.19-_____

                                                    Chapter 13

SSN: XXX-XX-____0350____        SSN: XXX-XX-_____

Date:  May 16, 2019

# CHAPTER 13 PLAN
### Check if this is an Amended Plan ☐

**1.**     **<u>NOTICES</u>**

**TO CREDITORS:  YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN.  YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, your attorney or you must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the bankruptcy court.  The bankruptcy court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.

**To file an objection to confirmation.**  Objections to confirmation may be filed electronically using the CM/ECF system or by mailing or delivering the objection to the court so that it is received before the deadline described above.  The court's address is U.S. Bankruptcy Court, 201 St. Louis Street, Mobile, Alabama 36602.

**Proofs of claim.**  Creditors must file timely proofs of claim to be paid by the chapter 13 trustee pursuant to the plan.  Proofs of claim may be filed using the Electronic Proof of Claim (ePOC) program located on the court's website at www.alsb.uscourts.gov.  You may also file a proof of claim by mailing or delivering it to the court so that it is received before the claims bar date.  The court's address is U.S. Bankruptcy Court, 201 St. Louis Street, Mobile, Alabama 36602.

1

Confirmation of this plan does not bar the debtor(s), trustee, or a party in interest from objecting to a claim. Confirmation of this plan does not constitute the allowance or disallowance of the amount of a creditor's claim, but it does control how the claim will be paid under the plan.

Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in § 7.1, which may result in a partial payment or no payment at all to the secured creditor | ■ INCLUDED | ☐ NOT INCLUDED |
|---|---|---|---|
| 1.2 | Nonstandard provision, set out in § 13 | ☐ INCLUDED | ■ NOT INCLUDED |
| 1.3 | Avoidance of security interests or liens | NOT INCLUDED -- requires a separate motion or adversary proceeding in this district | |

## 2. PAYMENTS AND LENGTH OF PLAN

**For __48__ months debtor(s) will make regular monthly payments to the trustee as follows:**

$___300.00___ per month for ___48___ months

and $_____ per month for _____ months. *Insert additional lines if needed.*

Plan payments shall be paid directly to the chapter 13 trustee at the following address: P.O. Box 1779, Memphis, TN 38101-1779. Debtor(s) shall commence plan payments within one month of the petition date. If the debtor(s) are eligible for a 36 month plan but the term set out above is greater, debtor(s) move the court to extend the plan term to the proposed period.

## 3. PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS TO SECURED CREDITORS

The trustee shall make the following adequate protection payments to secured creditors prior to the confirmation of this plan pursuant to Bankruptcy Code § 1326(a)(1):

| CREDITOR | COLLATERAL DESCRIPTION | AMOUNT OF MONTHLY PAYMENT |
|---|---|---|
| United Auto Credit | 2012 Ford Escape | $50.00 |
| Farmers Furniture | Bedroom Set | $5.00 |
| State of Alabama Dept of Revenue | All Personal Property | $5.00 |

2

| State of Alabama Dept of Revenue | All Personal Property | $5.00 |

The trustee shall commence making such payments to creditors holding allowed secured claims consistent with the trustee's distribution process and only after the timely filing of a proof of claim by such creditor. Upon confirmation, the treatment of such claims will be governed by Sections 4 and 7.

**4. POST-CONFIRMATION ALTERNATE MONTHLY PAYMENTS TO SECURED CREDITORS**

The trustee shall make the following Alternate Monthly Payments (AMP) beginning on the first distribution after entry of a confirmation order and until the attorney's fees provided for in Section 5 are paid in accordance with the applicable local rule or administrative order.

| CREDITOR | COLLATERAL DESCRIPTION | AMOUNT OF AMP PAYMENT |
|---|---|---|
| United Auto Credit | 2012 Ford Escape | $50.00 |
| Farmers Furniture | Bedroom Set | $5.00 |
| State of Alabama Dept of Revenue | All Personal Property | $5.00 |
| State of Alabama Dept of Revenue | All Personal Property | $5.00 |

**5. ATTORNEY'S FEES FOR DEBTOR(S)' BANKRUPTCY COUNSEL**

The trustee shall pay the following attorney's fees pursuant to the applicable local rule or administrative order.

| DEBTOR'S COUNSEL | FEE TO BE PAID THROUGH PLAN |
|---|---|
| Steven A. Murray | $4,000.00 |

**6. DOMESTIC SUPPORT OBLIGATIONS**

The trustee shall pay the following pre-petition domestic support obligations (DSO) pursuant to Bankruptcy Code § 507(a)(1) unless the claimant agrees or the court orders otherwise. Each DSO creditor shall receive the proposed Alternative Monthly Payments (AMP) along with the payments to secured creditors described in Section 4. Once the attorney's fees are paid in full, the DSO creditor shall be paid the proposed preference payment along with the payments described in Sections 7 and 8. The debtor(s) shall directly pay all domestic support obligations that become due after the filing of the petition. A DSO creditor must file a proof of claim for any prepetition DSO to be paid by the trustee. Unless otherwise ordered by the court or by express written consent of the creditor, the amount of a claim for prepetition DSO stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| DSO CREDITOR | SCHEDULED PREPETITION DSO | AMOUNT OF AMP PAYMENT | PREFERENCE PAYMENT |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

## 7. **TREATMENT OF SECURED CLAIMS**

### 7.1 Request for valuation of secured claims, payment of secured claims, and modification of undersecured claims

This section is effective only if the applicable box in section 1.1 of this plan is checked.

Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below.

For each non-governmental secured claim listed below, debtor(s) state that the amount of the secured claim should be the lesser of (a) the amount of the secured claim stated on the creditor's proof of claim and (b) the amount set out in the column headed "Amount of Secured Claim." If a non-governmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a non-governmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim set forth below.

For secured claims of governmental units, unless otherwise ordered, the amount of a secured claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under section 9 of this plan.

| CREDITOR | COLLATERAL DESCRIPTION | AMOUNT OF SECURED CLAIM | INTEREST RATE | § 1325(a)(5) PLAN PAYMENT |
|---|---|---|---|---|
| United Auto Credit | 2012 Ford Escape | $5,880.00 | 6% | $185.00 |
| Farmers Furniture | Bedroom Set | $300.00 | 0% | $7.00 |
| State of Alabama Dept of Revenue | All Personal Property | $723.00 | 5% | $23.00 |
| State of Alabama Dept of Revenue | All Personal Property | $779.00 | 5% | $25.00 |

4

**7.2    Secured claims excluded from valuation under Bankruptcy Code § 506**

The claims listed below were either:  (a) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

The trustee shall pay these claims in full with interest at the rates stated below.  Unless otherwise ordered by the court, the amount of a secured claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below, but the interest rate is governed by the plan.

| CREDITOR | COLLATERAL DESCRIPTION | SCHEDULED AMOUNT OF SECURED CLAIM | INTEREST RATE | § 1325(a)(5) PLAN PAYMENT |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**7.3    Curing defaults and maintaining direct payments on long-term secured debt**

Debtor(s) shall maintain the following monthly payments and pay them directly to creditor.   The trustee shall pay allowed claims for arrearages at 100% pro rata through this plan without interest after payments set forth in sections 6, 7.1, and 7.2.  A creditor must file a proof of claim for any arrearage amount in order to be paid by the trustee pursuant to the plan.  Unless otherwise ordered by the court, the arrearage amount stated on a proof of claim filed in accordance with the Bankruptcy Rules governs over any contrary amount listed below.

| CREDITOR | COLLATERAL DESCRIPTION | DIRECT PAYMENT | SCHEDULED ARREARAGE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**8.    PRIORITY CLAIMS (EXCLUDING DOMESTIC SUPPORT OBLIGATIONS)**

The trustee shall pay all priority claims pursuant to § 1322(a)(2) in full, pro rata.  Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| CREDITOR | TYPE OF PRIORITY | SCHEDULED AMOUNT |
|---|---|---|
| | | |

|  |  |  |
|  |  |  |

## 9. NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid through the distribution of all available disposable income at a percentage to be determined at confirmation for the number of months set forth in Section 2. The confirmation order will specify the percentage, and unsecured creditors will have a supplemental opportunity at that time to object to any preconfirmation plan amendments which affected the treatment of unsecured claims. No interest shall be paid on general unsecured claims.

## 10. SURRENDERED PROPERTY

Debtor(s) propose to surrender the following collateral. Upon confirmation, the automatic stay shall terminate as to the surrendered collateral, the co-debtor stay shall terminate as to any debt listed below, and debtor(s) shall make any surrendered personal property reasonably available to the creditor. Any claim submitted by the creditor will receive no distribution under the plan until the creditor files an amended proof of claim reflecting any deficiency after disposition of the collateral.

| CREDITOR | COLLATERAL DESCRIPTION |
|---|---|
|  |  |
|  |  |
|  |  |

## 11. EXECUTORY CONTRACTS, INCLUDING UNEXPIRED LEASES OF REAL OR PERSONAL PROPERTY

Debtor(s) assume or reject the following executory contracts (including any unexpired leases of real or personal property) as set out in the table below.

**Assumed executory contracts.** Debtor(s) shall make directly to the creditor all contractual payments which become due between the petition date and confirmation. Upon confirmation, the executory contract shall be deemed to be assumed. Debtor(s) shall make directly to the creditor all contractual payments which become due after confirmation. Unless otherwise provided in section 13, debtor(s) shall cure any prepetition default by making supplemental equal monthly payments directly to the creditor within the shorter of 6 months from confirmation or the remaining term of the contract.

**Rejected executory contracts.** Upon confirmation, the automatic stay shall terminate as to any property which is the subject of a rejected executory contract, the co-debtor stay shall terminate as to rejected executory contracts, and debtor(s) shall make any personal property which is the subject of a rejected executory contract reasonably available to the creditor. Any claim submitted by a creditor whose executory contract has been rejected will receive no distribution

6

under this plan until the creditor files an amended proof of claim reflecting any deficiency balance remaining following rejection.

| CREDITOR | PROPERTY DESCRIPTION | ASSUME | REJECT |
|---|---|---|---|
| Bernadette Dumas | House & Lot located at | X | |
| | 1100 Joy Lane | | |
| | Mobile, AL 36617 | | |

**12. OTHER PLAN PROVISIONS**

**12.1 Property of the estate**

Property of the bankruptcy estate shall not re-vest in the debtor(s) until discharge or dismissal of the case. Proceeds from any potential or pending cause of action or other assets not yet liquidated are property of the estate and must be paid to the chapter 13 trustee pending further order of the court.

**12.2 Monthly bills by creditors or lessors being paid directly**

Secured creditors and lessors to be paid directly by the debtor(s) and/or co-debtor(s) may continue to mail customary monthly notices or coupons notwithstanding the automatic stay.

**12.3 Exemption limitations**

The debtor(s)' exemptions in real and personal property are specifically limited to those allowed under applicable state and federal laws. To the extent that debtor(s)' asset values exceed allowable exemption limits, the non-exempt portions are property of the estate and subject to distribution by the trustee. The terms of this provision shall not be construed to limit or abrogate the rights of parties in interest to object to exemptions pursuant to the Bankruptcy Code or in any way limit the debtor(s)' rights regarding the postpetition equity accrual of assets.

**12.4 Payment of filing fee**

The trustee will pay the filing fee in a lump sum as an administrative expense before any other case disbursements. The trustee shall be entitled to the standard commission on such disbursements.

**12.5 Lien retention**

The holder of any secured claim listed in sections 7.1 or 7.2 will retain the lien on its collateral until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law or (b) discharge of the underlying debt under Bankruptcy Code § 1328, at which time the lien will terminate and must be released by the creditor.

**13.  OTHER PLAN PROVISIONS**

Under Bankruptcy Rule 3015(c), any nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are void.  The following plan provisions will be effective only if there is a check in the box "Included" in section 1.2.

 

/s/ Venice Toatley Williams            05/16/2019
DEBTOR'S SIGNATURE            DATE


DEBTOR'S SIGNATURE            DATE


/s/ Steven A. Murray            05/16/2019
DEBTOR'S COUNSEL'S SIGNATURE            DATE


**By filing this document, the attorney for debtor(s) (or debtor(s), if unrepresented) certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the model plan for the Southern District of Alabama, other than any nonstandard provisions included in Section 13.**

8

Case 19-11657    Doc 7    Filed 05/16/19    Entered 05/16/19 16:53:53    Desc Main
Document      Page 8 of 8